IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HANY ALASWAD,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PILOT TRAVEL CENTER, LLC,**<br>**and JOHN DOES 1-3,**<br><br>**Defendants.** | Civil Action File No.<br><br>1:24-CV-04467-MLB |

### MOTION FOR LEAVE FOR PLAINTIFF TO AMEND THE COMPLAINT TO SUBSTITUTE AND ADD DAMESHA SHAKOOR AS A DEFENDANT PARTY WITH INCLUDED MEMORANDUM OF LAW

COMES NOW, Plaintiff Hany Alaswad, by and through undersigned counsel, and respectfully moves this Court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to file an Amended Complaint substituting and adding Damesha Shakoor as a defendant in this matter. In support of this Motion, Plaintiff shows the Court the following:

**I.    INTRODUCTION**

Plaintiff files this Motion for Leave to Amend the Complaint to substitute and add Ms. Damesha Shakoor as a named defendant in this action. This Motion is based on facts uncovered during the discovery process, which revealed that Ms. Shakoor—an employee of Defendant Pilot Travel Center, LLC—removed caution tape

-1-

surrounding a grease spill immediately prior to Plaintiff's fall. Defendant Pilot did not identify Ms. Shakoor in its Initial or Amended Initial Disclosures and first disclosed her identity on April 14, 2025, after the deposition of another employee. Defendant has also confirmed that Ms. Shakoor was domiciled in Georgia at all relevant times and is still employed by it. Because Ms. Shakoor was originally identified as a John Doe defendant, and her identity has only recently been disclosed, Plaintiff respectfully seeks leave to amend the Complaint to properly name and serve her. This motion is made in good faith and without undue delay.

## II.  RELEVANT FACTS

On September 4, 2024, Plaintiff filed his original Complaint in the State Court of DeKalb County, naming "John Does 1-3" as defendants because the identities of Pilot Travel Center, LLC's ("Pilot") employees and/or contractors responsible for Plaintiff's injuries were unknown at the time. On October 2, 2024, Defendant Pilot removed the case to this Court pursuant to 28 U.S.C. § 1441.

On November 1, 2024, the Parties filed their Joint Preliminary Report and Discovery Plan ("JPP"). Because Plaintiff still had not received any documentation regarding the incident, including the surveillance video, or learned the identities of the responsible individuals despite multiple conversations with Pilot's counsel, Plaintiff included a "Potential Jurisdiction Objection" in the JPP, stating:

> … Plaintiff is unaware of whether the currently unidentified John Doe Defendants are Georgia citizens. If,

-2-

through Defendant's Initial Disclosures and/or discovery, it is determined that any of the John Doe Defendants are Georgia residents, the Plaintiff should be permitted to amend the Complaint to identify and serve those Defendants and to move to remand the case back to the DeKalb County State Court.

**Attachment 1**.

Defendant Pilot failed identify the employees who were directly involved in this incidents (*i.e.*, Quincy Holden and Damesha Shakoor) as witnesses in their Initial or Amended Disclosures. *See* **Attachment 2**. During discovery, Defendant Pilot produced surveillance footage showing an unknown employee—later identified as Quincy Holden—improperly attempting to clean grease from the steps prior to Plaintiff's fall using a water pitcher and a scraper. The same footage also shows another employee, later identified as Damesha Shakoor, removing caution tape that had been placed around the invisible grease moments before the incident.

On February 13, 2025, Pilot identified Mr. Holden as the employee cleaning the steps. However, Plaintiff was unable to depose him until April 3, 2025. During his deposition, Mr. Holden testified that a female coworker—not himself—removed the caution tape. However, despite being her supervising manager on the date of the incident and knowing that she still worked for Pilot, he was unable (or unwilling) to identify her. Immediately following that deposition, Plaintiff requested the identity of the female employee and advised that he intended to amend the Complaint to substitute her for one of the John Doe Defendants. **Attachment 3**.

On April 14, 2025, Pilot identified the female employee as Damesha Shakoor and confirmed that she remains employed by Pilot. *See* **Attachment 4**. On April 25, 2025, Pilot confirmed that Ms. Shakoor is and was domiciled in Georgia at all relevant times and agreed to accept service of an Amended Complaint naming her as a defendant on her behalf. **Attachment 5**.

Plaintiff now seeks leave to amend the Complaint to substitute and add Ms. Shakoor as a party.

III. **ARGUMENT**

Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[1] F.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party;

---

[1] Plaintiff inquired as to whether Defendant Pilot would consent to the amendment of the Complaint, but Defendant advised that it would not.

or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

In this case, although Plaintiff diligently investigated the cause of his fall, he was aware only that the steps were wet and that Defendant Pilot had applied paint to the steps that significantly decreased the slip-resistance of the walking surface because, among other things, it was not designed for high-traffic areas – such as steps at a gas station. Indeed, Defendant Pilot produced in discovery multiple incident reports where customers slipped and fell and injured themselves on the same steps because they were slippery when wet. *See e.g.,* **Attachment 6**.

Nonetheless, it was not until Pilot produced its surveillance video during discovery that Plaintiff learned the actual sequence of events that led to his injuries on the hazardous steps—facts that were entirely within Pilot's exclusive control and neither visible nor knowable to Plaintiff at the time of the fall. Specifically, the surveillance footage revealed that a Pilot employee—still unidentified to Plaintiff—spilled grease on the steps. Another employee, Mr. Quincy Holden, who had never previously cleaned those steps and had not been provided any instructions on how to do so—including whether to close off the steps during cleaning—improperly attempted to clean the grease using a pitcher of water, a detergent-based degreaser, and a scraper. This unsafe method made the steps even more slippery. The footage

further showed that another customer slipped and nearly fell on the steps just moments before Plaintiff's fall and directly in front of Mr. Holden, who nevertheless *still* failed to block access to the steps. Most significantly, the video shows a third Pilot employee, Damesha Shakoor, inexplicably removing the caution tape that had been placed around the grease on the steps shortly before Plaintiff fell.

Plaintiff had no way of identifying either Mr. Holden or Ms. Shakoor at the time of filing suit. He believe the improper paint used on the surface of the steps and/or improper construction of the steps caused the fall. Pilot did not disclose their identities in its Initial or Amended Disclosures. It was only through persistent discovery efforts—including deposition testimony and post-deposition follow-up—that Plaintiff was finally able to learn of their roles and secure Pilot's confirmation of their identities.

Upon learning of Ms. Shakoor's involvement and domicile in Georgia, Plaintiff acted diligently to seek her substitution for a John Doe defendant. This amendment is not the result of undue delay or bad faith, but rather of new information that Plaintiff could not have discovered earlier despite reasonable diligence. Courts routinely permit substitution of named parties for John Does when the defendants' identities were unknown and later revealed in discovery. *See e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

Additionally, there is no prejudice to Defendant Pilot in permitting this amendment. Discovery remains open and is not set to expire until November 6, 2025, leaving ample time for any additional discovery related to Ms. Shakoor's conduct. Moreover, any purported delay in seeking this amendment is directly attributable to Defendant Pilot's failure to produce the surveillance video during the pre-suit period and its failure to timely identify the employees involved—despite having exclusive access to this information. Finally, because this is a state law negligence claim and the statute of limitations has not expired, the proposed amendment is timely and will not impair Pilot's ability to defend this action on the merits.

Accordingly, leave to amend should be granted to allow Plaintiff to pursue his claims against the proper parties and ensure that this case is adjudicated on its merits.

## IV.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant this Consent Motion for Leave to Amend and permit Plaintiff to file the proposed Amended Complaint, attached as **Attachment 7**.

Respectfully submitted this 8th day of May, 2025.

<b>THE ELLIS FIRM</b>

3400 Peachtree Road
Ste. 725
Atlanta, Georgia 30326
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com

/s/ Willie C. Ellis Jr.
Willie Ellis Jr.
Georgia Bar No. 246116
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HANY ALASWAD**., <br><br> Plaintiff, <br><br> v. <br><br> **PILOT TRAVEL CENTER, LLC, and JOHN DOES 1-3**, <br><br> Defendants. | Civil Action File No. <br><br> 1:24-cv-04833-MHC |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of **MOTION FOR LEAVE FOR PLAINTIFF TO AMEND THE COMPLAINT TO SUBSTITUTE AND ADD DAMESHA SHAKOOR AS A DEFENDANT PARTY WITH INCLUDED MEMORANDUM OF LAW** with the following attorneys of record.

Heather H. Miller Esq.
Veeda Mashayekh Esq.
**McGREW MILLER BOMAR & BAGLEY**
50 Hurt Plaza SE, Ste. 1200
Atlanta, Georgia 30303
hmiller@mmbblaw.com
vmashayekh@mmbblaw.com
*Attorneys for Defendant*

This 8th day of May, 2025.

**THE ELLIS FIRM**

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Attorney for Plaintiff*

3400 Peachtree Road
Ste. 725
Atlanta, Georgia, 30326
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HANY ALASWAD.**,<br><br>    Plaintiff,<br><br>v.<br><br>**PILOT TRAVEL CENTER, LLC, and JOHN DOES 1-3**,<br><br>    Defendants. | Civil Action File No.<br><br>1:24-cv-04833-MHC |

**[PROPOSED] ORDER GRANTING MOTION TO AMEND COMPLAINT**

Having read and considered the Parties Consent Motion to Amend Complaint, and for good cause shown, it is hereby **ORDERED** that the Motion is **GRANTED**. The Plaintiff is directed to file the Amended Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
Mark H. Cohen
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HANY ALASWAD**,<br><br>    Plaintiff,<br><br>v.<br><br>**PILOT TRAVEL CENTER, LLC, and JOHN DOES 1-3**,<br><br>    Defendants. | Civil Action File No.<br><br>1:24-cv-04833-MHC |

## **CERTIFICATION OF COMPLIANCE**

I HEREBY CERTIFY that the document to which this certificate is attached has been prepared in Times New Roman, 14-point type, which is one of the fonts and point selections approved by the Court in N.D. Ga., L.R. 5.1(C).

Respectfully submitted this 8th day of May, 2025.

| | |
|---|---|
| 3400 Peachtree Road<br>Ste. 725<br>Atlanta, Georgia, 30326<br>Telephone: (770) 212-1432<br>Fascimile: (404) 393-2392<br>will@call-ellis.com | **THE ELLIS FIRM**<br><br>*/s/ Willie C. Ellis Jr.*<br>Willie C. Ellis Jr.<br>Georgia Bar No. 246116<br>*Attorney for Plaintiff* |